852 So.2d 592 (2002)
Billy Wayne FRITH and Wanda Frith as Parents and Natural Guardians of Joshua Brent Frith, a Minor, Appellants,
v.
BIC CORPORATION, Appellee.
No. 2000-CA-01124-COA.
Court of Appeals of Mississippi.
December 3, 2002.
Rehearing Denied February 18, 2003.
Dana J. Swan, Clarksdale, attorney for appellants.
*593 James D. Holland, Ridgeland, D. Collier Graham Jr., Jackson, attorneys for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
MYERS, J., for the court.
¶ 1. The Appellants' motion for rehearing is granted. The original opinion issued by this Court is withdrawn and this opinion is substituted therefor.
¶ 2. Ten year old Joshua Frith was severely burned when he found a disposable cigarette lighter manufactured by BIC Corporation in his back yard and attempted to ignite it while standing near a gasoline can. Joshua's parents, Billy Wayne and Wanda Frith, filed suit in the Circuit Court of Scott County against BIC Corporation on Joshua's behalf asserting a products liability claim. BIC Corporation moved for summary judgment asserting that the Friths's state law claims were preempted by federal law. The trial court granted BIC Corporation's motions for summary judgment finding that the Friths's state law claims were preempted by federal law. Aggrieved by this decision, the Friths appealed asserting that their claims were not preempted by federal law.

LEGAL ANALYSIS WHETHER THE FRITHS'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW.
¶ 3. The sole issue raised by the Friths in this appeal is whether their claims based on state common law are preempted by federal law. Preemption can occur in one of three ways: "(1) where Congress explicitly preempts state law, (2) where preemption is implied because Congress has occupied the entire field, or (3) where preemption is implied because there is an actual conflict between federal and state law." Cooper v. General Motors Corp., 702 So.2d 428, 434(¶ 16) (Miss. 1997). The federal standard is a minimum standard and any state may establish or continue a safety requirement so long as that safety requirement provides a higher degree of protection than the federal standard. 15 U.S.C.A. § 2075(b).
¶ 4. Congress did not explicitly preempt state law or occupy the entire field on lighter safety regulations. The only possibility that remains is whether this area of law is impliedly preempted due to a conflict of state and federal law. The applicable federal safety standard is that lighter companies are to implement safety devices on the lighters so that they cannot be successfully used by children five years of age. 16 C.F.R. § 1210.1. The standard proposed by the Friths is a higher standard than that established by federal law. Based on the dictates of 15 U.S.C.A. § 2075(b), state and federal law would not conflict as the state law would provide more protection to the product consumer. The trial court's grant of summary judgment in favor of BIC Corporation finding that federal law preempted state law is reversed and remanded for new trial.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS REVERSED AND REMANDED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES, THOMAS, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J. KING, P.J., DISSENTS WITHOUT WRITTEN OPINION. IRVING, J., NOT PARTICIPATING.
*594 SOUTHWICK, P.J., DISSENTING:
¶ 6. I respectfully dissent from the granting of rehearing and the reversal of our initial decision. The majority has undermined the interests protected by the federal standard on cigarette lighters, the same interests that we earlier identified. I would deny rehearing and affirm.
¶ 7. Cigarette lighters are intended to set something on fire. Necessarily, then, the lighter will produce fire or sparks. The federal government established standards to attempt to protect very young children from hurting themselves with lighters. The standards are intended to make it as difficult as feasible for a child five years old or younger to use a lighter. There is no question that this lighter met that standard. To make a lighter such that it will not light at all, or in essence, to ban cigarette lighters, was not attempted. I would expect this Court would agree that state tort law also cannot in effect ban them by finding the manufacturer will be liable simply because a lighter lights. The federal safety standard drew a line between those who can usefully be protected and those who if protected would require so complicated a lighter as to make it unusable for anyone. This suit is seeking to shift that line. We do not have the authority.
¶ 8. The majority on rehearing finds that BIC's meeting the federal standard to protect five-year-old's is insufficient to apply the doctrine of federal preemption. A state, the majority says, may through its civil justice system impose a higher standard without the potential of that higher standard's interfering with the effectiveness of the federal standard.
¶ 9. I cannot agree. Plaintiffs seek to hold BIC to a requirement of producing a lighter that a ten-year-old cannot use. The federal government has sought to require the manufacture of a lighter that a five year old child cannot use. There is only one lighter for whomever might find it. There are not lighters that might be found only by two year old children, and a different lighter that is only to be found by five-year-old, and a still more sophisticated lighter for a ten year old child who is scavenging for interesting items on the ground during play, and by stages finally a lighter for adults who have the right to light a cigarette. Consequently, as the federal government identified the five-year-old as the target maturity for which feasible protections could be built into a lighter, they necessarily rejected a requirement of making lighters still more sophisticated such that older children could not use them. At some stage, a lighter is so difficult to use that no one will buy one.
¶ 10. As those adults who cannot program the sophisticated equipment of the modern world are known to discover, it is often the child who seems more adept at using technology. We need take no improper judicial notice of anything but just apply common sense in order to conclude that at some point in the development of standards of difficulty for the use of a potentially dangerous item, the use could become more difficult for an adult than for the targeted-age child.
¶ 11. What is evident from the regulatory record is that use of lighters is considered less dangerous than other ways to light cigarettes, such as with matches. By not requiring lighters to be inoperable for a ten-year-old, the federal government was keeping them reasonably operable for adults. I believe that the majority is incorrect that the standard that the plaintiffs seek to impose in court would not conflict with the federal standard. If the plaintiffs' desired standard becomes standard, then by definition lighters become harder to use. As there is only one lighter standard *595 for everyone, those who could not sue because a lighter actually lit, namely adults, would also tend not to use increasingly complicated lighters at all. Matches for lighting cigarettes then would become more prevalent and more likely to be found by two year or five year or ten year old children, which undermines the purpose of the federal standard for lighters in the first place.
¶ 12. I believe that our initial opinion was correct. I would affirm.
McMILLIN, C.J., JOINS THIS SEPARATE WRITTEN OPINION.